**FOSTER, ESTATE OF, IN RE**

Ohio Appeals, 4th Dist, Adams Co

Decided May 24, 1932

W. P. Tucker, West Union, for the motion.
C. S. Demint, West Union, against the motion.

MAUCK, PJ.

Whether an action is one in chancery or not is determined by the pleadings and the issue made by them. **Hummer v Parsons, 111 Oh St 595.** In a strict sense there are no pleadings upon exceptions to an administrator's account, but it is conceivable nevertheless that an equitable issue might be raised by such exceptions. The item in the administrator's account in which he asserts a right to a credit for his services is a claim for money, and when objection is filed thereto it casts upon the administrator the burden of proving his right to the allowance claimed. **Steward v Berry, 102 Oh St 129; 18 O. J. 311.** When the exceptors filed their objection to this credit claimed by the administrator they were in effect asserting an equitable estoppel against the administrator receiving the compensation which the statute ordinarily accords to an administrator. The exceptors, however, are not claiming any affirmative relief. Granted that they were asserting an equitable defense, they were clearly doing nothing more than that. An equitable defense asserted against a legal claim does not destroy the legal nature of the plaintiff's cause of action. **Gill v Pelkey, 54 Oh St 348; Raymond v Railroad Co., 57 Oh St 271; Lust v**

**Farmers Bank & Savings Co., 114 Oh St 312.** It follows, therefore, that inasmuch as the exception did not have the effect of converting the proceeding at law into one of equity that this court can not entertain the appeal from the judgment of the Court of Common Pleas.

The motion to dismiss the appeal is sustained.

MIDDLETON and BLOSSER, JJ, concur.